UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ALBERTO MARTI,
and other similarly situated individuals,

    Plaintiff (s),

v.

SAG MARBLE & GRANITE, INC.,
MIGUEL A. GUTIERREZ
and ALMA A. GUTIERREZ, individually

    Defendants.

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALBERTO MARTI and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants SAG MARBLE & GRANITE, INC., MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ individually and alleges:

1. This is an action to recover money damages for unpaid overtime, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALBERTO MARTI is a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SAG MARBLE & GRANITE, INC (hereinafter SAG MARBLE, or Defendant) is a Florida Profit Corporation having place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant. Defendant is engaged in interstate commerce.

4. The individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ were and are now the owners/partners and operators of SAG MARBLE. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Hillsborough County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ALBERTO MARTI as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages and the costs of reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after September 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant SAG MARBLE is a construction company specialized in marble and granite work for commercial and residential customers.

8. Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ employed Plaintiff ALBERTO MARTI as a marble and granite installer from approximately September 20, 2017, through January 30, 2019, or 71 weeks. However, Plaintiff did not work for Plaintiff for approximately 8 weeks, thus the relevant time of employment for FLSA purposes is 63 weeks.

9. Plaintiff was a non-exempted, full-time, hourly employee. During the relevant employment period, Plaintiff had different rates of payment. Plaintiff began his employment earning $10.00 an hour and his last wage rate was $15.00 an hour.

10. While employed by Defendants, Plaintiff had an irregular schedule. Plaintiff worked 5 or 6 days per week from Mondays to Saturdays, and he always worked more than 40 hours in a week period. Plaintiff alleges that he was paid for all his hours at regular rate, but he was not paid for overtime hours at the rate of time and on half his regular rate.

11. Plaintiff is not in possession of time and payment records. Plaintiff received direct bank deposits, and he did not receive paystubs. Without the benefit of discovery Plaintiff is unable to provide exact calculations, because he does not know exact dates, wage rates, etc. Plaintiff is going to provide a good faith calculation about his unpaid overtime hours based only in his recollections.

12. From his first day of employment, September 20, 2017 to approximately June 2018 (41 weeks) Plaintiff did not clock in and out, but he signed time-sheets. Plaintiff estimates that in this period he worked a minimum average of 45 hours per week.

13. Plaintiff did not work for Defendants for approximately 8 weeks.

14. Approximately on or about September 01, 2018, Plaintiff returned to work for Defendants with a wage rate increase to $15.00 an hour. From this date, to the day of his termination, January 30, 2019 (22 weeks), he was required to clock in and out. In this period, Plaintiff estimates that he worked an average of 42 hours weekly, and he did not receive overtime payment.

15. Plaintiff always worked more than 40 hours every week period, but he was not paid for overtime hours.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was not in agreement with the lack of payment for overtime hours, and with the lack of paystubs to check his days and hours worked, wage rate paid, etc. and he complained to the owner of the business MIGUEL A. GUTIERREZ several times. Defendant MIGUEL A. GUTIERREZ always answered: "We do not pay overtime hours here".

18. On or about January 30, 2019, Plaintiff was fired by Defendants using a pretextual reason. There was no reason to fire Plaintiff other than retaliation for his complaints about missing overtime payment.

19. Plaintiff intends to recover overtime payment for every hour in excess of 40 that he worked during his employment with Defendants and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive minimum wages and payment at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff ALBERTO MARTI re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff ALBERTO MARTI, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. The employer SAG MARBLE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or

markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

24. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

25. Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ employed Plaintiff ALBERTO MARTI as a marble and granite installer from approximately September 20, 2017, through January 30, 2019, or 71 weeks. However, Plaintiff did not work for Plaintiff for approximately 8 weeks, thus the relevant time of employment for FLSA purposes is 63 weeks.

26. Plaintiff was a non-exempted, full-time, hourly employee. During the relevant employment period, Plaintiff had different rates of payment. Plaintiff began his employment earning $10.00 an hour, and his last wage rate was $15.00 an hour.

27. While employed by Defendants, Plaintiff had an irregular schedule. Plaintiff worked 5 or 6 days per week from Mondays to Saturdays, and he always worked more than 40 hours in a week period. Plaintiff alleges that he was paid for all his

hours at regular rate, he was not paid for overtime hours at the rate of time and on half his regular rate.

28. Plaintiff is not in possession of time and payment records. Plaintiff received direct bank deposits, and he did not receive paystubs. Without the benefit of discovery, Plaintiff is unable to provide exact calculations for unpaid overtime hours. Plaintiff is going to provide a good faith calculation about his unpaid overtime hours based only in his recollections.

29. From his first day of employment, September 20, 2017 to approximately June 2018 (41 weeks) Plaintiff did not clock in and out, but he signed time-sheets. Plaintiff estimates that in this period he worked a minimum average of 45 hours per week.

30. Plaintiff did not work for Defendants for approximately 8 weeks.

31. Approximately on or about September 01, 2018, Plaintiff returned to work for Defendants with a wage rate increase to $15.00 an hour. From this time, to the day of his termination, January 30, 2019 (22 weeks) he was required to clock in and out. In this period, Plaintiff estimates that he worked an average of 42 hours weekly, and he did not receive overtime payment.

32. Plaintiff always worked more than 40 hours every week period, but he was not paid for overtime hours.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

35. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

    *Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime, based on his best recollections. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Five Hundred Fifty-Eight Dollars and 50/100 ($1,558.50)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 63 weeks

         i. Period from September 20, 2017 to June 2018= 41 weeks

       - <u>Paid at $10.00 an hour = 8 weeks</u>
       Total hours worked: 45 hours weekly
       Overtime hours weekly: 5 O/T hours weekly
       Overtime hours paid at regular rate: 5 O/T hours
       Regular rate: $10.00 an hour x 1.5= $15.00
       O/T rate: $15.00-$10.00 rate paid = $5.00 half-time O/T difference

    Half-time $5.00 x 5 O/T hours=$25.00 weekly x 8 weeks=$200.00

- <u>Paid at $10.00 an hour = 33 weeks</u>
Total hours worked: 45 hours weekly
Overtime hours weekly: 5 O/T hours weekly
Overtime hours paid at regular rate: 5 O/T hours
Regular rate: $13.00 an hour x 1.5= $19.50
O/T rate: $19.50-$13.00 rate paid = $6.50 half-time O/T difference

Half-time $6.50 x 5 O/T hours=$32.50 weekly x 33 weeks=$1,072.50

    ii.    Period from September 20, 2018 to January 30, 2019= 22 weeks

- <u>Paid at $15.00 an hour = 22 weeks</u>
Total hours worked: 42 hours weekly
Overtime hours weekly: 2 O/T hours weekly
Overtime hours paid at regular rate: 2 O/T hours
Regular rate: $15.00 an hour x 1.5= $22.50
O/T rate: $22.50-$15.00 rate paid = $7.50 half-time O/T difference

Half-time $6.50 x 2 O/T hours=$13.00 weekly x 22 weeks=$286.00

Total i, and ii: $1,558.50

    c.  <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for hours worked in excess of forty.

40. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ were and are now, the owners/partners and managers of Defendant Corporation SAG MARBLE. Individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of SAG MARBLE in relation to its employees, including Plaintiff and others similarly situated. Individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ had absolute financial and operational control of SAG MARBLE and they are jointly and severally liable for Plaintiff's damages.

42. Defendants SAG MARBLE MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ willfully and intentionally refused to pay Plaintiff ALBERTO MARTI overtime wages as required by the law of the United States and remain

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERTO MARTI and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALBERTO MARTI and other similarly-situated and against the Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff ALBERTO MARTI an equal amount in double damages/liquidated damages; and

D. Award Plaintiff ALBERTO MARTI reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALBERTO MARTI and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ALBERTO MARTI; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

44. Plaintiff ALBERTO MARTI re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

45. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

46. The employer SAG MARBLE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

47. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

50. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ employed Plaintiff ALBERTO MARTI as a marble and granite installer from approximately September 20, 2017, through January 30, 2019, or 71 weeks. However, Plaintiff did not work for Plaintiff for approximately 8 weeks, thus the relevant time of employment for FLSA purposes is 63 weeks.

52. Plaintiff was a non-exempted, full-time, hourly employee. During the relevant employment period, Plaintiff had different rates of payment, but he began his employment earning $10.00 an hour and his last wage rate was $15.00 an hour.

53. While employed by Defendants Plaintiff had an irregular schedule. Plaintiff worked 5 or 6 days per week from Mondays to Saturdays, and he always worked more than 40 hours in a week period. Plaintiff alleges that he was paid for all his hours at

regular rate, but he was not paid for overtime hours at the rate of time and on half his regular rate.

54. From his first day of employment, September 20, 2017 to approximately June 2018 (41 weeks) Plaintiff did not clock in and out, but he signed time-sheets. Plaintiff estimates that in this period he worked a minimum average of 45 hours per week.

55. Plaintiff did not work for Defendants for approximately 8 weeks.

56. Approximately on or about September 01, 2018, Plaintiff returned to work for Defendants with a wage rate increase to $15.00 an hour. From this date, to the day of his termination, January 30, 2019 (22 weeks), he was required to clock in and out. In this period, Plaintiff estimates that he worked an average of 42 hours weekly, and he did not receive overtime payment.

57. Plaintiff always worked more than 40 hours every week period, but he was not paid for overtime hours.

58. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59. Plaintiff was not in agreement with the lack of payment for overtime hours, and with the lack of paystubs to check his days and hours worked, wage rate paid, etc. and he complained to the owner of the business MIGUEL A. GUTIERREZ several times. Defendant MIGUEL A. GUTIERREZ always answered: "We do not pay overtime hours here".

60. These complains constituted protected activity under the Fair Labor Standards Act.

61. More recently, Plaintiff complained to the owner of the business MIGUEL A. GUTIERREZ on or about December 15, 2018, On January 11, 2019 and on January 18, 2019.  Plaintiff complained about missing payment for overtime hours, Plaintiff always received the same answer.

62. On or about January 30, 2019, Plaintiff was fired by Defendants using a pretextual reason. There was no reason to fire Plaintiff other than retaliation for his complaints about missing overtime payment.

63. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment.

64. On or about January 30, 2019, Plaintiff was terminated by Defendant and this adverse employment action against Plaintiff ALBERTO MARTI by the Defendants was directly and proximately caused by Defendants' unjustified retaliation because of Plaintiff's complaints about overtime payment. and regular wages in violation of Federal Law.

65. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about January 11, and January 18, 2019.

66. At the times mentioned, individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ were and are now, the owners/partners and managers of Defendant Corporation SAG MARBLE. Individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted

directly in the interest of SAG MARBLE in relation to its employees, including Plaintiff and others similarly situated. Individual Defendants MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ had absolute operational control of SAG MARBLE and they are jointly and severally liable for Plaintiff's damages.

67. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been discharge but for his complaints for unpaid overtime wages.

68. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

69. Plaintiff ALBERTO MARTI has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERTO MARTI respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ that Plaintiff ALBERTO MARTI recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SAG MARBLE, MIGUEL A. GUTIERREZ and ALMA A. GUTIERREZ to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ALBERTO MARTI further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ALBERTO MARTI demands trial by jury of all issues triable as of right by jury.

DATED:  February 21, 2019

Respectfully Submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*